IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GINGER L. HUGHES, an individual,<br><br>    Plaintiff,<br><br>    v.<br><br>BRAVO CREDIT CORPORATION; PERFORMANCE ONE FINANCIAL, INC.; DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for the Registered Holders of Bravo Mortgage Asset Trust Backed Pass-Through Certificates, Series 2006-1,<br><br>    Defendants.<br>_____/ | No. Civ. 2:07-CV-02332 JAM KJM<br><br><u>ORDER GRANTING TEMPORARY RESTRAINING ORDER</u> |

The matter before the Court is Ginger L. Hughes' ("Plaintiff") *Ex Parte* Application for a Temporary Restraining Order ("TRO Application"). Plaintiff, owner of her principal residence located at 17084 Deer Creek Road, Brownsville, California 95919 ("Property"), refinanced the mortgage to the property on January 3, 2006. On October 30, 2007, Plaintiff

1

filed a complaint pursuant to the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 *et seq.*, to, among other things, enforce her right to rescind the loan transaction, void Defendants' security interest in the Property, and avoid foreclosure.  On May 28, 2007, Plaintiff sent Defendants a letter rescinding the loan transaction and detailing the TILA violations.  On June 29, 2008, Plaintiff filed an application for a temporary restraining order and preliminary injunction, seeking to enjoin the foreclosure sale, currently scheduled for June 30, 2008, at 1:30 p.m.  Having reviewed and fully considered Plaintiff's TRO Application, the Court hereby grants the application.  In doing so, the Court finds as follows:

   (1) Pursuant to 28 U.S.C. § 1331, the Court has subject matter jurisdiction over this case because it arises under TILA, a federal statute.

   (2) Plaintiffs have a strong likelihood of success on the merits of their claims because it appears that Defendants did not make all the material disclosures as required by the TILA and Reg Z, and therefore it is very likely that Plaintiff could prevail on the argument that she is entitled to rescind the loan within three years from January 3, 2006.  See <u>Semar v. Platte Valley Fed. Sav. & Loan Ass'n</u>, 791 F.2d 699, 703-04 (9th Cir. 1986) (Technical or minor violations of TILA or Reg Z, as well as major violations, impose liability on the creditor and

entitle the borrower to rescind a loan agreement for up to three years.).  Because Plaintiff's rescission letter was sent within this time period, it is very likely that the lender's security interest in the Property is void.  The lender cannot foreclose on the Property without a security interest.  As such, the Court finds that Plaintiff has shown a strong likelihood of success on the merits.

(3) Plaintiff has made the necessary showing of the possibility of imminent, irreparable injury to warrant immediate injunctive relief.  The Court finds that imminent foreclosure of Plaintiff's principal residence constitutes irreparable injury.  See Sundance Land Corp. v. Comty. First Fed. Sav. & Loan Ass'n, 840 F.2d 653, 661-62 (9th Cir. 1988) (foreclosure on real property constitutes irreparable injury).  The Court notes that Plaintiff's right to rescind expires upon the sale of the property, 12 C.F.R. § 226.23(a)(3), and therefore if foreclosure is permitted to proceed, she will lose her right to rescind the loan transaction.  The Court also finds that the balance of hardships favor Plaintiff in that the harm Plaintiff stands to suffer from foreclosure substantially outweighs any financial harm Defendants stand to suffer by a delay in selling Plaintiff's residence.  Accordingly, Plaintiff has made the required showing to obtain a temporary restraining order.

For the reasons set forth above, Plaintiff's TRO Application is GRANTED pending the hearing on her motion for preliminary injunction.  Accordingly, IT IS HEREBY ORDERED that Defendants and their agents, servants and employees are restrained and enjoined during the pendency of this action from engaging in or performing any act to deprive Plaintiff of ownership and/or possession of the real property located at 17084 Deer Creek Road, Brownsville, California 95919 ("Property"), including, but not limited to, instituting, prosecuting, or maintaining foreclosure or sale proceedings on the Property, from recording any foreclosure instrument, deeds or mortgages regarding the Property or from otherwise taking any steps whatsoever to deprive Plaintiff of ownership and/or possession in the Property, and in particular from proceeding with the sale of the Property scheduled for June 30, 2008.

This temporary restraining order is effective immediately. As security pursuant to Rule 65(c) of the Federal Rules of Civil Procedure, the deed of trust shall remain on the Property as security for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained.

IT IS FURTHER ORDERED that this temporary restraining order shall be binding on the parties to this action and all other persons or entities who receive actual notice of this order.

    Defendants are HEREBY ORDERED TO SHOW CAUSE at 1:30 p.m. on July 10, 2008, why you, your agents, servants and employees should not be restrained and enjoined during the pendency of this action from engaging in or performing any act to deprive Plaintiff of ownership and/or possession of the Property, including but not limited to instituting, prosecuting, or maintaining foreclosure or sale proceedings on the Property, from recording any deeds or mortgages regarding the Property or from otherwise taking any steps whatsoever to deprive Plaintiff of ownership and/or possession in the Property, and in particular from proceeding with the sale of the Property.

    The briefing schedule for the order to show cause is as follows:

    (1) Plaintiff shall immediately serve Defendants with this Order and all papers she has filed in support of her TRO Application.

    (2) Defendants shall file, no later than 2:00 p.m. on July 7, 2008, a memorandum of points and authorities showing cause as to why a preliminary injunction should not issue.

    (3) Plaintiff shall file, no later than 2:00 p.m. on July 9, 2008, a responsive memorandum of points and authorities.

    IT IS SO ORDERED.

Dated: June 30, 2008

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE